UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DASMON TAIWIAN JONES,

    Plaintiff,

v.

PIERCE COUNTY JAIL,

    Defendant.

CASE NO. 3:19-CV-05088-BHS-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Dasmon Taiwian Jones, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by May 17, 2019, to cure the deficiencies identified herein.

**I.    Background**

In the Second Amended Complaint, Plaintiff alleges Defendants violated his rights by denying him access to the telephone, requiring him to sleep on the floor, and housing him in solitary confinement. Dkt. 8.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### A. *Failure to State a Claim*

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

In the Second Amended Complaint, Plaintiff alleges he was denied access to the telephone and was forced to live in inhumane conditions. Dkt. 8, p. 3.[1] The Constitution does not

---

[1] Regardless of whether Plaintiff is a pretrial detainee or serving a sentence, Plaintiff must show the prison officials acted with "deliberate indifference." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979) (conditions of confinement imposed on a pretrial detainee are governed by the Fourteenth Amendment Due Process Clause); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.

mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal civilized measure of life's necessities" and the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir. 2002). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.

Plaintiff alleges he has had no contact with his family, had to sleep on the floor, has been housed in solitary confinement, and has not had access to hot water. Dkt. 8. He states these conditions were not based on disciplinary actions. *Id.* Plaintiff, however, fails to allege any wrong-doing by Defendants or allege how, specifically, Defendants' actions violated his constitutional rights. Therefore, Plaintiff has failed to adequately explain what actions or inactions by Defendants resulted in the alleged constitutional violations.

Plaintiff also states:

> The prosecutor ask for these condition no phone contact with any one but my lawyer since my arrest 18 months ago. The judge granted these conditions. And Pierce County Jail and Sgt. Caruso enforced these conditions.

---

1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.").

Dkt. 8, p. 3 (errors in original). Plaintiff fails to explain how Defendants' actions resulted in a violation of his constitutional rights. Rather, Plaintiff simply complains that he was placed on telephone restrictions. He does not allege facts sufficient to show Defendants' conduct violated his rights. Plaintiff's vague and conclusory allegations are insufficient to show Defendants violated his constitutional rights. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

B. *Improper Defendants*

As the Court has informed Plaintiff on two previous occasions, the Jail is not a legal entity capable of being sued under § 1983. Rather, Pierce County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Wright v. Clark County Sheriff's Office*, 2016 WL 1643988, *2 (W.D. Wash. April 26, 2016). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff continues to improperly name the Jail as a Defendant, despite being told to correct this deficiency. Further, Plaintiff has not named Pierce County as a defendant and has also not alleged facts to show Pierce County is liable. *See* Dkt. 8. For example, Plaintiff does not challenge a policy, custom, or practice. Rather, Plaintiff appears to allege the unconstitutional conditions of confinement are specific to him. If Plaintiff seeks to sue Pierce County, he must

ORDER TO FILE AMENDED COMPLAINT - 4

name Pierce County as a defendant and allege facts sufficient to meet the required elements of a claim against a municipality and show Pierce County violated his constitutional rights.

In the Second Amended Complaint, Plaintiff named a state court judge – Stephanie Arend -- and a prosecutor – Gregory Greer -- as Defendants. Dkt. 8, pp. 3, 5. "State judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Prosecutors are also entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Defendants Arend and Greer have immunity, Plaintiff has failed to state a claim against these Defendants and claims against them cannot proceed.

### III. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See*

1 *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

As this is the Court's third Order directing Plaintiff to cure deficiencies in his pleadings, the Court will recommend dismissal of this action pursuant to 28 U.S.C. § 1915, if Plaintiff fails to file a servable amended complaint on or before May 17, 2019.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 17th day of April, 2019.

David W. Christel
United States Magistrate Judge